[No. 33953. Department One. April 25, 1957.]

ETHEL A. GODWIN, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 310 P. (2d) 239.

*Del Cary Smith* and *Del Cary Smith, Jr.,* for appellant.

*The Attorney General* and *Walter F. Robinson, Jr., Assistant,* for respondent.

FINLEY, J.—The appellant claims she is entitled to industrial insurance benefits under the workmen's compensation act of the state of Washington because of an injury to her back, sustained while working as a general helper in the kitchen and dining hall of the Eastern Washington College of Education. To support her claim for benefits, appellant relies upon § 1, chapter 281, Laws of 1947, p. 1263 and upon § 2, chapter 41, Laws of 1939, p. 121 (*cf.* RCW 51.12.010, RCW 51.12.020; and RCW 51.08.190). She contends that the kitchen and dining hall at the Eastern Washington College of Education is either a restaurant or a workshop within the meaning of those terms as they are used in the workmen's compensation act of the state of Washington; in other words, that the operation of the kitchen and dining hall constitutes an extrahazardous business, employment, or occupation within the purview of the act.

The department of labor and industries took the position that the kitchen and dining hall at the college is neither a restaurant nor a workshop under the provisions of the act, and denied the claim for benefits. This decision of the department was affirmed by the board and by the superior court. This appeal followed.

The act provides that employees (workmen) injured in course of their employment in specified or designated establishments or employments are entitled to industrial insurance benefits under the act. Section 1, chapter 281, Laws of 1947 designates *restaurants* as a covered establishment or employment. It reads in part as follows:

". . . restaurants, taverns, clubs and establishments except private boarding houses, serving food or drink to the public or to members for consumption on the premises."

■ The word restaurant is a broad, general term. It has the inherent language defects, or expressional ambiguities, of any broad generic term or language symbol. Standing alone, it might be thought by different lay individuals to apply to a variety of places of different kinds or types, where food and drink is prepared for consumption or other use either on or off the premises. In this broad, general sense, it might well be used to refer to or describe the student dining hall at the Eastern Washington College of Education. But in the statute in question, it appears to us, and we hold, that the word *restaurants* as well as the words *taverns, clubs,* and *establishments* are modified or limited by the words *serving food or drink to the public for consumption on the premises.* It is our best judgment that this indicates or means the ordinary garden variety of commercial establishment or restaurant, which caters to and serves food and drink to the public.

■ The trial court found that the student dining hall at the college "was not operated for nor open to the public". In this appeal, no error is assigned to this finding, and it will be accepted as an established fact in this case. It supports the conclusions of the trial court, with which we agree, that the college dining hall is not a restaurant as the word is used in the act.

We find no merit in appellant's contention that the college dining hall is a workshop as the latter term is used in § 2, chapter 41, Laws of 1939.

The judgment of the trial court should be affirmed.

It is so ordered.

MALLERY, SCHWELLENBACH, and OTT, JJ., concur.

HILL, C. J., concurs in the result.